IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CR-30049-MJR |
| ) | |
| ANTHONY R. WISE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Charged in an April 2007 indictment with unlawful possession of a firearm by a previously convicted felon, Anthony Wise ("Defendant") pled guilty before the undersigned Judge on February 28, 2008. Sentencing was held July 10, 2008. Defendant was sentenced to 120 months in prison, a 3-year term of supervised release, a $750 fine, and a $100 special assessment. A Forfeiture Order was issued as to the firearm, and judgment was entered July 11, 2008 (Docs. 64, 65). Defendant appealed. On March 11, 2009, the United States Court of Appeals for the Seventh Circuit issued a mandate reflecting its February 17, 2009 decision affirming the judgment and sentence. *See* Doc. 86; *U.S. v. Wise*, 556 F.3d 629 (7th Cir. 2009).

On February 11, 2011, Defendant filed a pro se letter which was docketed as a motion to alter or amend judgment (Doc. 91). In the motion, Defendant notes that he has had trouble "keeping up with" the payments on his fine and claims that, as a result of his failure to make payments, the federal Bureau of Prisons is denying him participation in "much needed programs" and "basically extorting" his mother to send the monthly payments (Doc. 91, p. 1). The motion then

1

turns in another direction entirely and asks the Court to adjust the *start* date of his federal sentence by awarding credit for time he spent in state custody prior to being brought to this Court for arraignment on a writ of habeas corpus ad prosequendum.[1]

Essentially, Defendant contends that if he had been properly released from state custody when he was remanded to the custody of the United States Marshals Service, his federal sentence would have started to run sooner, and he would have an earlier release date. "My credit time was messed up because when you ordered me into the custody of US Marshals from the state, I was never release [sic] out of state custody…. My release papers from Illinois State Prison was never done until October 2007, which made me under a state sentence on file which made my federal sentence start late" (Doc. 91, p. 1). He contends that Illinois Department of Corrections officials acknowledge that they "dropped the ball" in preparing his release papers "because of being short on staff at the time," but they cannot correct their mistake now and suggested Defendant look to this Court for assistance.

Broadly read, Defendant asks this Court for dual relief -- (1) help in altering the payment arrangements on his fine, so his payments go "directly to the Clerk at the Federal Building" bypassing the Bureau of Prisons (BOP), and (2) an award of credit for time in state custody prior to imposition of his federal sentence. As is explained below, this Court lacks jurisdiction to grant either request.

---

[1] Defendant Wise was in custody of the State of Illinois when he was indicted in this District Court. The initial writ of habeas corpus ad prosequendum (Doc. 6) was issued April 25, 2007, directed to the Sheriff of the Madison County Illinois Jail, and ordered Defendant Wise to be produced in this United States Courthouse May 16, 2007 before Magistrate Judge Clifford J. Proud. Defendant was produced on May 16, 2007, had counsel appointed, was arraigned, and entered a not guilty plea. Judge Proud ordered Defendant detained pending trial. The record indicates Defendant was held at Graham Correctional Center in Hillsboro, Illinois (a state facility) until June 26, 2007, when Judge Proud ordered that Defendant be held in the custody of the U.S. Marshals Service pending the outcome of the case (Doc. 27).

"[D]istrict courts have limited power to revisit sentences after they are imposed." *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009), *citing United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Citing *Carlisle v. United States*, 517 U.S. 416 (1996), the Government correctly references the general rule that once a district court enters judgment, it lacks jurisdiction to hear and resolve related issues unless authorized by a specific statute or rule.

So, for instance, a district court can correct arithmetical or technical errors within fourteen days after sentencing under Federal Rule of Criminal Procedure 35(a) and can correct a clerical error in a judgment or order at any time via Federal Rule of Criminal Procedure 36. But we are many months past the fourteen-day window, and Defendant has not identified any clerical error in the judgment. Federal Rule of Criminal Procedure 33 has no bearing, because Defendant is not requesting a new trial. Likewise Federal Rule of Criminal Procedure 35(b) furnishes no basis to adjust Defendant's sentence, as it only permits reduction of a sentence on the Government's motion where a defendant provided "substantial assistance in investigating or prosecuting another person."

No Rule of Criminal Procedure allows the Court to modify Defendant's sentence. Nor can the Court discern any statute authorizing the relief sought by Defendant. 28 U.S.C. 2255, sometimes referred to as the federal prisoner's substitute for a habeas corpus petition, allows a federal inmate to challenge his sentence on the ground that it was imposed in violation of the United States Constitution or federal laws or that it is in excess of the maximum authorized by law. *See United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010); *Washington v. Smith*, 564 F.3d 1350,

1351 (7th Cir. 2009); *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir.), *cert. denied*, 550 U.S. 976 (2007). In the motion at issue, Defendant does not contend that his sentence was unconstitutional or that it exceeded the maximum authorized by law. So even broadly read the motion cannot be construed as a petition to vacate, correct, or set aside sentence under § 2255.

Furthermore, if the Court treated Defendant's motion as falling within the scope of § 2255, it would be time-barred. The February 11, 2011 motion was not filed within the one-year statute of limitations contained in 28 U.S.C. 2255(f)(1). Additionally, as the Government points out, the law of this Circuit plainly holds that "requests for sentence credit, or for recalculation of time yet to serve, do not come under § 2255. They must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241…." *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

Defendant has not identified, and the Court cannot find, any rule or statute permitting the undersigned Judge to alter the sentence he imposed in July 2008. The undersigned Judge has no authority to implement a payment mechanism permitting Defendant (or his family members) to bypass the Bureau of Prisons and make fine payments directly to this Court.

And as noted above, as to the request for credit for time served in state custody, the Bureau of Prisons bears responsibility for computation of the service of a sentence. As the United States Supreme Court declared in *United States v. Wilson*, 503 U.S. 329, 335 (1992): "After a district court sentences a federal offender, the

Attorney General, through the BOP, has the responsibility for administering the sentence."

Once the federal sentence has been imposed, only the Attorney General (or BOP) has the power to credit time served pre-sentencing under 18 U.S.C. 3585(b). A detailed system of regulations governs attempts by federal prisoners to obtain credit toward their sentences for time spent in prior custody. Normally, a prisoner must first exhaust his administrative remedies with the BOP and only if he is dissatisfied with the result may he challenge that determination in federal court. *See, e.g., Reno v. Koray*, 515 U.S. 50 (1995); *Wilson*, 503 U.S. at 333; *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992).

Clearly, the decision whether to grant credit for time served in pretrial detention rests initially with the Attorney General and BOP, not with the sentencing judge. *Wilson,* 503 U.S. at 334-35; *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In the case sub judice, Defendant's motion is devoid of any indication that he attempted to resolve this issue with the BOP, much less that he exhausted administrative remedies prior to filing a motion in his closed criminal case in this District Court.

Therefore, the Court **DENIES** (for lack of subject matter jurisdiction) Defendant Wise's February 11, 2011 motion (Doc. 91).

IT IS SO ORDERED.

DATED March 17, 2011.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge